IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIN SANDERS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 21-cv-1155-SMY |
| vs. | ) ) |
| THE HILLSHIRE BRANDS COMPANY, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In this putative class action, Plaintiff Erin Sanders alleges that Defendant, The Hillshire Brands Company ("Hillshire"), misrepresented to consumers that its product "Delights English Muffin" by Hillshire's Jimmy Dean brand ("the Product") is made predominantly with whole grain wheat flour. Sanders asserts violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; breaches of express warranty, implied warranty, and the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; negligent misrepresentation; fraud; and unjust enrichment (Doc. 1).

Now pending before the Court is Hillshire's Motion to Dismiss for Failure to State a Claim (Doc. 6), which Sanders opposes (Doc. 16). For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

## Background

The following facts are taken from Plaintiffs' Second Amended Complaint and are deemed true for the purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.

2008):  Hillshire manufactures, labels, markets, and sells breakfast sandwiches purporting to be "English muffins made with whole grain."  The packaging in question is shown below:



As indicated by the asterisk, the packaging provides consumers with additional information as to the amount of whole grain in the Product, stating on the side panel, "*THIS PRODUCT PROVIDES 5g OF WHOLE GRAIN IN A 1 SANDWICH SERVING.  USDA RECOMMENDS 48G OF WHOLE GRAIN EVERY DAY."  The Product also includes the following ingredient list:

> INGREDIENTS: MUFFIN: ENRICHED WHEAT FLOUR (WHEAT FLOUR, MALTED BARLEY FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), WATER, WHOLE GRAIN WHEAT FLOUR, YEAST, WHEAT GLUTEN, CONTAINS LESS THAN 2% OF: DEGERMED YELLOW CORN FLOUR, DEGERMED YELLOW CORNMEAL, SODIUM BICARBONATE, FUMARIC ACID, CORN STARCH, SODIUM ACID PYROPHOSPHATE, MONOCALCIUM PHOSPHATE, CALCIUM SULFATE, SALT, AMMONIUM CHLORIDE, HONEY, CALCIUM PROPIONATE AND POTASSIUM SORBATE (PRESERVATIVES), SOYBEAN OIL, HIGH FRUCTOSE CORN SYRUP, VINEGAR.

Sanders alleges the Product's label is misleading because, while the Product's front label prominently states, "MADE WITH WHOLE GRAIN," the primary ingredient in the sandwich

portion of the Product is enriched wheat flour. The amount of whole grain wheat flour in the Product is slightly above two percent of the total weight of ingredients used in the English muffin portion of the Product and contains only two grams of dietary fiber per serving, consistent with a food with a *de minimis* amount of whole grain. A product must contain at least 8 grams of dry whole grain ingredient per labeled serving size of the meat or poultry product to make a whole grain claim under USDA Rules.

Sanders purchased the Product on at least one occasion between August 2021 and September 2021. She claims the Product does not contain 8 grams of whole grain per serving, nor is the bread predominantly whole grain, despite the reasonable expectation that the "made with whole grain" claim denotes a product with at least a minimum amount of whole grains. Sanders maintains that the marketing of the Product is misleading because the bread contains mostly non-whole grains and only a small amount of whole grains.

Sanders purchased the Product because she expected it would contain a predominant amount of whole grain flour. She would not have purchased the Product absent Hillshire's false and misleading statements and omissions. She intends to, seeks to, and will purchase the Product again when she can do so with the assurance that the Product's representations are consistent with its composition.

Sanders requests compensatory and injunctive relief and seeks to represent an Illinois class including: All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged.

## Discussion

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.,*

778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court draws all reasonable inferences and facts in favor of the nonmovant. *See Vesely v. Armslist LLC,* 762 F.3d 661, 664 (7th Cir. 2014). Additionally, under Rule 8(a)(2), a Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[giving] the defendant fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (citation omitted).

Under Rule 9(b), a party alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Hillshire argues that Sanders' claims are subject to dismissal on numerous grounds:

(1) she has not plausibly alleged that the "made with whole grain" label statement is deceptive; (2) her warranty claims fail because she has not alleged privity or that she served proper notice; (3) the Complaint fails to allege facts about Hillshire that give rise to a strong inference of fraudulent intent; (4) her negligent misrepresentation claims are barred under the *Moorman* doctrine; (5) her unjust enrichment claim fails to state a claim; and (6) she lacks standing to seek injunctive relief.

**Illinois Consumer Fraud and Deceptive Practices Act ("ICFA")**

The ICFA safeguards "consumers, borrowers, and businesspersons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010) (internal citation and quotation marks omitted). "In order

to state a claim under the ICFA, a plaintiff must show: (1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014). "Although ICFA claims often involve disputed questions of fact not suitable to a motion to dismiss, a court may dismiss the complaint if the challenged statement was not misleading as a matter of law." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001).

Here, Sanders claims deceptive practices. Specifically, she alleges that the Product's labeling "Made With Whole Grain" suggests to a reasonable consumer that the sandwich portion of the Product was either predominantly made with whole grain, or at least contains a non *de minimis* amount of whole grain. To state a viable claim for deceptive practices, a plaintiff must plausibly allege that the packaging is likely to deceive reasonable consumers. *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 474–75 (7th Cir. 2020). This standard "requires a probability that a significant portion of the general consuming public or of target consumers, acting reasonably in the circumstances, could be misled." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). A statement is deceptive if "it is likely to mislead a reasonable consumer in a material respect, even if it is not literally false." *Id.* "What matters most is how real consumers understand and react to the advertising." *Bell*, 982 F.3d at 476. "[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Id.* at 477.

Hillshire maintains that Sanders is unable to demonstrate that the "Made With Whole Grain*" statement is likely to mislead a reasonable consumer because the statement is truthful and

not deceptive. It further argues that Sanders claim is implausible because the asterisk on the Product directs consumers to the additional information disclosed on the Product's packaging.

This case is substantially similar to *Mantikas v. Kellog Co.*, 910 F.3d 633 (2nd Cir. 2018). In that case, the Second Circuit concluded that the plaintiff had sufficiently alleged that the label on a box of Cheez-It crackers stating, "made with whole grain", despite the fact that the crackers contained more white flour than whole wheat flour, was misleading. 910 F.3d at 634. The court found that the mere fact that the crackers did contain some whole grain was insufficient to defeat the lawsuit, because the box's bold-faced "Made With Whole Grain" claim arguably "communicate[d] to the reasonable consumer that the grain in the product [was] predominantly, if not entirely, whole grain." *Id.* at 637. The court also found it irrelevant that the ingredient list on the back of the box clarified that enriched white flour was the predominant ingredient, since "a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box." *Id.* The Seventh Circuit has explicitly adopted the reasoning in *Mantikas*. *Bell*, 982 F.3d at 477.

As was true in *Mantikas*, the Product's packaging arguably suggests to a reasonable consumer that it contains primarily whole grain. Instead, as the side panel reflects, it contains only 5 grams of whole grain per sandwich; enriched wheat flour is the predominant ingredient. Sanders sufficiently alleges that the representation is misleading to a reasonable consumer because it implies that whole grain flour is the primary ingredient of the English muffin. And the language and information on the side panel does not destroy Sander's claims. *See Bell*, 982 F.3d at 483 (quoting *Beardsall*, 953 F.3d at 977) (restating the Seventh Circuit's observation "that an asterisk pointing to [the label's] fine print could save virtually any deceptive slogan ...").

To survive a motion to dismiss, Sanders need only nudge her claims across the line from conceivable to plausible. She has done so and has sufficiently alleged that the Product's packaging is misleading.

**Breach of Warranty**

Hillshire correctly argues that Sanders' state law warranty claims fail because she has not alleged privity or that timely notice was provided of the alleged breach. Claims for breach of implied warranty and breach of express warranty are contractual claims requiring privity of contract. *Voelker v. Porsche Cars North Amer., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (Under Illinois law, privity of contract is a prerequisite to recover economic damages for breach of implied warranty). Sanders and Hillshire are not in privity because she did not purchase the Product directly from Hillshire.[1]

Sanders' breach of warranty claim under the Magnuson-Moss Warranty Act ("MMWA") also fails. Under the MMWA, a written warranty is a fact or promise that "affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time." 15 U.S.C. § 2301(6)(A). The description, "Made With Whole Grain" is not a "written warranty" under the MMWA; it makes no claim that the Product is free of defects or will meet a specified level of performance over a specified period of time. *See Rudy v. Fam. Dollar Stores, Inc.*, No. 21-cv-3575, 2022 WL 345081, at *8 (N.D. Ill. Feb. 4, 2022) (The phrase "Smoked Almonds" is a product description that does not warrant to consumers that the Product is defect-free or will perform at a specified level over a specific time.); *In re Sears, Roebuck & Co.*, No. MDL-1703, 2006 WL 1443737, at *4 (N.D. Ill. May 17, 2006) (concluding that the phrase "Made in USA" was not a "written warranty" under the Magnuson-Moss Act because it does not

---

[1] As the lack of privity is dispositive, the Court declines to address Hillshire's notice argument.

indicate that the product will be defect-free or will perform at a specified level over a specific time). For these reasons, Hillshire's motion to dismiss is granted as to Sanders' warranty claims.

### *Fraud*

To state a claim for common-law fraud, a plaintiff must plead: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007). "*Scienter*, knowledge by the defendant that a statement he has made is false, is an essential element of common-law fraud." *Id.* at 841–42.

Hillshire contends that Sanders fails to allege specific facts showing that it had the requisite scienter to defraud. Sanders does not address this argument; she simply argues that the Rule 9(b) pleading requirements are met because she alleges the "who, what, where, when, and how" of the fraud. With respect to fraud, Sanders alleges that "[Hillshire] mispresented and/or omitted the attributes of the qualities of the Product" and that "[Hillshire's] fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations." These conclusory allegations fall short of Rule 9(b)'s pleading requirements. Accordingly, Hillshire's motion is granted with respect to Sanders' fraud claim.

### *Negligent Misrepresentation*

Under the *Moorman* doctrine or "economic loss doctrine," claims solely alleging injury to economic interests must proceed only under contract law, as opposed to both contract and tort law. *See Moorman Mfg. Co. v. National Tank Co.,* 435 N.E.2d 443, 448 (Ill. 1982). Citing *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503, 515

(1994), Sanders argues that her claim satisfies an exception to the *Moorman* doctrine: when a defendant made negligent misrepresentations while in the business of supplying information for the guidance of others in their business transactions.  Illinois courts have applied this exception to a variety of commercial information providers, such as accountants, banks that provide credit information, product and real-estate inspectors, title insurers, and stockbrokers.  *Fox Assocs., Inc. v. Robert Half Int'l, Inc.*, 777 N.E.2d 603, 607 (2002) (collecting cases).  But the exception may only be applied to businesses providing commercial information, not tangible products such as breakfast sandwiches.  Accordingly, Sanders' negligent misrepresentation claim will be dismissed.

### *Unjust Enrichment*

In Illinois, "[t]o state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.  *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011).  Sanders unjust enrichment claim, which is based on the same conduct underlying her ICFA claim, remains viable.  *See Cleary*, 656 F.3d at 517.  Hillshire's motion to dismiss Sanders' unjust enrichment claim is denied.

### *Injunction*

A plaintiff must meet three requirements to establish that she has standing to bring a lawsuit: (1) injury in fact, (2) a causal connection between the injury and the defendant's conduct, and (3) redressability.  *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  "[T]o establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights ..."  *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983));

*see also Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 909 N.E.2d 848, 858 (Ill. App. Ct. 2009) ("To be eligible for injunctive relief under the Deceptive Practices Act, a plaintiff must show the defendant's conduct will likely cause it to suffer damages in the future.").

Hillside argues that Sanders lacks standing to seek injunctive relief because she is now aware of the allegedly deceptive nature of the label. Sanders asserts that she "intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with its composition." But merely purchasing the Product does not trigger Sander's injury. Her injury lies in purchasing the Product under the influence of a deceptive label. There is no chance she can claim to be harmed in the future – tricked again by "Made With Whole Grain" – as she now knows that the ingredient list shows the Product's true composition. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) ("Since [plaintiff] is now aware of [defendant's] sales practices, [plaintiff] is not likely to be harmed by the practices in the future."). As such, Sanders lacks standing to pursue injunctive relief; her claim will be dismissed accordingly.

## Conclusion

Defendant The Hillshire Brands Company's motion to dismiss Plaintiff Erin Sanders' claims for breach of express warranty, implied warranty, and the Magnuson Moss Warranty Act; negligent misrepresentation; fraud; and her request for injunctive relief are **GRANTED**. Plaintiff may proceed on her claims under the ICFA and for unjust enrichment.

**IT IS SO ORDERED.**

**DATED: July 8, 2022**

**STACI M. YANDLE**
**United States District Judge**