# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF ILLINOIS

# EAST ST. LOUIS DIVISION

| | |
|---|---|
| Erin Sanders, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>The Hillshire Brands Company,<br><br>Defendant | 3:21-cv-01155<br><br><br><br>Jury Trial Demanded |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant The Hillshire Brands Company ("Hillshire"), by and through its attorneys, submits its Answer to Plaintiff's Class Action Complaint ("Complaint") and Affirmative Defenses as follows:

1.      Hillshire admits that it manufactures, labels, and markets the Product. Hillshire denies all remaining allegations in paragraph 1.

2.      Hillshire admits that the image in paragraph 1 and on page 1 of the Complaint depicts the front label of the Product. The remaining allegations in paragraph 2 pertaining to the "relevan[ce]" of certain representations state legal conclusions to which no response is required. To the extent a response is required, Hillshire denies the remaining allegations in paragraph 2.

3.      Hillshire states that paragraph 3 contains no allegations directed to Hillshire and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 3.

4.      Hillshire states that paragraph 4 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 4.

5.      Hillshire states that paragraph 5 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 5.

6.      Hillshire states that paragraph 6 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 6.

7.      Hillshire states that paragraph 7 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 7.

8.      Hillshire states that paragraph 8 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 8.

9.      Hillshire states that paragraph 9 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 9.

10.      Hillshire states that paragraph 10 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 10.

11.      Hillshire states that paragraph 11 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 11.

12.      Hillshire states that paragraph 12 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 12.

13.      Hillshire states that paragraph 13 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 13.

14.      Hillshire states that paragraph 14 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 14.

15.      Hillshire states that paragraph 15 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 15.

16.      Hillshire states that paragraph 16 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 16.

17.      Hillshire states that paragraph 17 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 17.

18.     Hillshire states that paragraph 18 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 18.

19.     Hillshire states that paragraph 19 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 19.

20.     Hillshire states that paragraph 20 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 20.

21.     Hillshire states that paragraph 21 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 21.

22.     Hillshire admits that the Product's front label includes the statement "MADE WITH WHOLE GRAIN*" as depicted on page 1 of the Complaint, and that the ingredient list includes enriched wheat flour and whole grain wheat flour. Hillshire denies the remaining allegations and characterizations in paragraph 22.

23.     Hillshire denies the allegations in Paragraph 23.

24.     Hillshire admits that the Product contains two grams of dietary fiber per serving as listed on the Nutrition Facts label. Hillshire denies the remaining allegations in paragraph 24.

25.      Hillshire denies the allegations in paragraph 25. As a closed-faced sandwich, the Product is exempt from USDA rules.

26.     Hillshire states that paragraph 26 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 26.

27.     Hillshire states that paragraph 27 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 27.

28.     Hillshire admits that the side panel of the Product contains the statement "*THIS PRODUCT PROVIDES 5G OF WHOLE GRAIN IN A 1 SANDWICH SERVING. U.S.D.A. RECOMMENDS 48g OF WHOLE GRAIN EVERY DAY". Hillshire denies the remaining allegations in paragraph 28.

29.     Hillshire denies the allegations in paragraph 29.

30.     Hillshire denies the allegations in paragraph 30.

31.     The allegations in paragraph 31 are unintelligible. To the extent a response is required, Hillshire denies the allegations in paragraph 31.

32.     Hillshire states that paragraph 32 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 32.

33.     Hillshire states that paragraph 33 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 33.

34.     Hillshire denies the allegations in paragraph 34.

35.     Hillshire states that paragraph 35 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 35.

36.     Hillshire states that paragraph 36 contains no allegations directed to Hillshire or related to the Product and therefore no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 36.

37.     Hillshire denies the allegations in paragraph 37.

38.     Hillshire denies the allegations in paragraph 38.

39.     Hillshire denies the allegations in paragraph 39.

40.     Hillshire denies the allegations in paragraph 40 to the extent they allege the Product's labeling was anything other than the truth. Hillshire lacks information or knowledge

sufficient to form a belief as to Plaintiff or putative class members' decisions to purchase the Product, and on that basis neither admits nor denies the remaining allegations in paragraph 40.

41.     Hillshire denies the allegations in paragraph 41 to the extent they contend the Product is not truthfully labelled. Hillshire lacks information or knowledge sufficient to form a belief as to retailers' prices.

### Jurisdiction and Venue

42.     Hillshire states that the allegations in paragraph 42 are legal conclusions and not directed to Hillshire, and therefore no response is required.

43.     Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43, and on that basis neither admits nor denies them.

44.     Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44, and on that basis neither admits nor denies them.

45.     Hillshire admits that it is a Maryland corporation with a principal place of business in Arkansas.

46.     The allegations in paragraph 46 are legal conclusions to which no response is required. Hillshire admits that Plaintiff alleges that she and Hillshire are citizens of different states.

47.     Hillshire does not challenge venue for purposes of this action only. Except as expressly stated, Hillshire denies the allegations in paragraph 47.

48.     Hillshire does not challenge venue for purposes of this action only. Except as expressly stated, Hillshire denies the allegations in paragraph 48.

### Parties

49.     Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49, and on that basis neither admits nor denies them.

50.     Hillshire admits that it is a Maryland corporation with a principal place of business in Arkansas.

51.     Hillshire admits that it owns the "Jimmy Dean" brand of breakfast sausages. Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51, and on that basis neither admits nor denies them.

52.     Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52, and on that basis neither admits nor denies them.

53.     Hillshire admits that the Product is sold in boxes of four. Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and on that basis neither admits nor denies them.

54.     Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54, and on that basis neither admits nor denies them.

55.     Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55, and on that basis neither admits nor denies them.

56.     Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56, and on that basis neither admits nor denies them.

57.     Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57, and on that basis neither admits nor denies them.

58.     Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58, and on that basis neither admits nor denies them.

59.     Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59, and on that basis neither admits nor denies them.

60.     Hillshire denies that the Product contains "false and misleading" representations. Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 60, and on that basis neither admits nor denies them.

61.     Hillshire denies that the Product "misrepresent[s]" its attributes. Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 61, and on that basis neither admits nor denies them.

62.     Hillshire denies that the Product contains "false and misleading statements and omissions." Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 62, and on that basis neither admits nor denies them.

63.     Hillshire denies the allegations in paragraph 63 to the extent they imply or suggest that the Product is inconsistent with its labeling. Hillshire lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 63, and on that basis neither admits nor denies them.

### Class Allegations

64.     Hillshire admits that Plaintiff sues on her own behalf and purportedly on the behalf of a putative class of purchasers residing in Illinois as alleged in paragraph 64. Hillshire denies that the action can proceed as a class action.

65.     Hillshire denies that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23. Hillshire denies that common questions of law or fact predominate. To the extent paragraph 65 states legal conclusions, no response is required, but to the extent any response is required, Hillshire denies the allegations in paragraph 65.

66.     Hillshire denies that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23. Hillshire denies that Plaintiff's claims are typical and that the Product contains any unfair or deceptive representations. To the extent paragraph 66 states legal conclusions, no response is required, but to the extent any response is required, Hillshire denies the allegations in paragraph 66.

67.     Hillshire denies that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23. Hillshire lacks information sufficient to form a belief as to whether Plaintiff is an adequate representative or whether she has any conflict with putative class members. To the extent paragraph 67 states legal conclusions, no response is required, but to the extent any response is required, Hillshire denies the allegations in paragraph 67.

68.     Hillshire denies that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23. Hillshire denies that the putative class is definable or ascertainable. To the extent paragraph 68 states legal conclusions, no response is required, but to the extent any response is required, Hillshire denies the allegations in paragraph 68.

69.     Hillshire denies that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23. To the extent paragraph 69 states legal conclusions, no response is required, but to the extent any response is required, Hillshire denies the allegations in paragraph 69.

70.     Hillshire lacks information sufficient to form a belief as to whether Plaintiff's counsel is competent and experienced in complex class action litigation or as to whether he can protect class members' interests adequately and fairly. To the extent paragraph 70 states legal conclusions, no response is required, but to the extent any response is required, Hillshire denies the allegations in paragraph 70.

71.     In its July 8, 2022 Opinion and Order, the Court dismissed Plaintiff's claim for injunctive relief. Accordingly, no response is required to paragraph 71.

**Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"),**

**815 ILCS 505/1, et seq.**

**(Consumer Protection Statute)**

72.     Paragraph 72 does not set forth factual allegations that require a responsive pleading. Hillshire incorporates its responses and denials as to all the foregoing allegations in response to paragraph 72.

73.     Hillshire lacks information sufficient to form a belief as to the truth of the allegations in paragraph 73, and on that basis neither admits nor denies them.

74.     Hillshire denies that the Product contains "false and deceptive representations and omissions." The remaining allegations in paragraph 74 state legal conclusions to which no response is required, and on that basis, Hillshire neither admits nor denies them.

75.     Hillshire denies the allegations in paragraph 75.

76.     The allegations in paragraph 76 state legal conclusions to which no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 76.

77.     The allegations in paragraph 77 state legal conclusions to which no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 77.

**Breaches of Express Warranty, Implied Warranty of Merchantability and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, et seq., Negligent Misrepresentation, and Fraud**

78.     In its July 8, 2022 Memorandum and Order, the Court dismissed Plaintiff's claims for breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty Act, negligent misrepresentation, fraud, and injunctive relief. Accordingly, no response is required to the Complaint's allegations in paragraphs 78 to 91. To the extent a response is required, Hillshire denies the allegations in paragraphs 78 to 91.

**Unjust Enrichment**

79.     The allegations in paragraph 92 state legal conclusions to which no response is required. To the extent a response is required, Hillshire denies the allegations in paragraph 92.

**Jury Demand and Prayer for Relief**

Hillshire denies that Plaintiff is entitled to any relief or entry of judgment in favor of any of her claims. Hillshire further denies that this action can proceed as a class action. Hillshire admits that Plaintiff demands a jury trial.

**AFFIRMATIVE DEFENSES**

80.     Without assuming any burden of proof that it would not otherwise bear, Hillshire asserts the following defenses to all claims against it:

**FIRST DEFENSE**

**(Failure to State a Claim)**

81.     The Complaint and each purported cause of action asserted therein fail to plead facts sufficient to constitute a claim upon which relief can be granted.

## SECOND DEFENSE

### (Laches)

82.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRD DEFENSE

### (Lack of Standing)

83.    Plaintiff's and putative class members' claims are barred in whole or in part by lack of standing and failure to establish any cognizable injury.

## FOURTH DEFENSE

### (Speculative or Uncertain Damages)

84.    Plaintiff fails to and cannot prove money damages with any degree of certainty sufficient to permit recovery of damages.

## FIFTH DEFENSE

### (Waiver)

85.    Plaintiff's claims, and those of the class she purports to represent, are barred, in whole or in part, by the doctrine of waiver.

## SIXTH DEFENSE

### (Failure to Mitigate Damages)

86.    Plaintiff and/or members of the asserted putative class failed to mitigate the alleged damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff and/or members of the asserted putative class should be reduced accordingly. Upon information and belief, Hillshire alleges that, among other things, Plaintiff and members of the asserted putative class failed to mitigate any damages by continuing to purchase the Product, and/or by taking or failing to take other conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Preemption)

87.    Hillshire alleges as an affirmative defense that the claims asserted in the Complaint are preempted, either expressly or impliedly, by federal law.

## RESERVATION OF ADDITIONAL DEFENSES

88.     Hillshire reserves the right to raise any additional defenses, affirmative or otherwise, and any counterclaims which may become apparent through discovery in the course of this action.

Dated: August 16, 2022                    Respectfully submitted,


**THE HILLSHIRE BRANDS COMPANY**


*/s/ Keri E. Borders*
Keri E. Borders
KING & SPALDING LLP
633 W. Fifth Street
Los Angeles, CA 90071
Ph: 213 443-4355
Fax: 213 443-4310
kborders@kslaw.com

*Attorneys for Defendant*
The Hillshire Brands Company

12

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2022, I electronically filed **Defendant's Answer and Affirmative Defenses to Plaintiff's Class Action Complaint** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following ECF registrant:

Spencer I. Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd, Suite 409
Great Neck, NY 11021-3104
Email: spencer@spencersheehan.com
**Attorney for Plaintiff**

_/s/ Keri E. Borders_
Keri E. Borders
KING & SPALDING LLP
633 W. Fifth Street
Los Angeles, CA 90071
Ph: 213 443-4355
Fax: 213 443-4310
kborders@kslaw.com

_Attorneys for Defendant_

The Hillshire Brands Company